MCB LIMITED, A North Carolina Partnership v. CHARLES HUGH Mc-
GOWAN, JR., JANICE M. BARBRE and WILLIAM I. WOOTEN, JR.,
Trustee

No. 863DC1307

(Filed 18 August 1987)

**Mortgages and Deeds of Trust § 9— purchase money deed of trust — subordination
clause — void for indefiniteness**

> Where plaintiff purchased property from defendants who accepted a pur-
> chase money deed of trust which contained a provision requiring defendants to
> subordinate their lien to future construction and permanent financing loans ar-
> ranged by plaintiff during development of the property, plaintiff's complaint
> seeking to have the subordination clause declared valid and to require defend-
> ants to issue multiple deeds of subordination in conformity with the clause was
> properly dismissed, since the clause stated that defendants would subordinate
> their position upon plaintiff's request "in such amount as may be reasonably
> requested"; this phrase required the parties to agree at a future time as to
> whether a loan requested by plaintiff was reasonable; and this requirement of
> future agreement on the material terms concerning application of the subor-
> dination provision rendered this clause void for indefiniteness as a matter of
> law.

APPEAL by plaintiff from *Hunter, Judge.* Order entered 15
July 1986 in District Court, PITT County. Heard in the Court of
Appeals 12 May 1987.

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by Walter
L. Hinson, attorney for plaintiff-appellant.*

*Everett, Everett, Warren & Harper, by C. W. Everett, Sr.
and Edward J. Harper II, attorneys for defendant-appellees Mc-
Gowan and Barbre.*

*Williamson, Herrin, Barnhill & Savage, by Mickey A. Herrin,
attorney for defendant-appellee Wooten.*

ORR, Judge.

Plaintiff, a limited partnership, contracted to purchase real
property from defendants for the purpose of commercial develop-
ment. To aid in financing the development, plaintiff's sales con-
tract included a provision requiring defendants to accept a
purchase money deed of trust. In addition, defendants were to ex-
ecute a deed or deeds of subordination to construction and/or per-
manent financing.

On or about 1 August 1983 defendants tendered to plaintiff, in pertinent part, a deed for the property and plaintiff tendered a deed of trust securing the balance of the purchase price. The deed of trust also contained a provision requiring defendants to subordinate their lien to future construction and permanent financing loans arranged by plaintiff during development of the property.

Subsequently plaintiff obtained a construction loan for repair and renovation of the property, to which defendants subordinated their lien position. However, when plaintiff asked defendants to subordinate a second time, to a loan permanently financing the development of the property, defendants refused.

Plaintiff sued for a declaratory judgment, requesting the trial court to find valid the subordination clauses in the sales contract and deed of trust, to require defendants to issue multiple deeds of subordination in conformity with the clauses, and to award plaintiff a minimum of $25,000 in damages. Defendants filed a motion to dismiss for failure to state a claim for relief. The trial court granted defendants' motion and ordered plaintiff's complaint dismissed. From this order plaintiff appeals.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Azzolino v. Dingfelder*, 71 N.C. App. 289, 322 S.E. 2d 567 (1984). A complaint will be found insufficient "if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim." *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E. 2d 240, 241 (1981); *Collins v. Edwards*, 54 N.C. App. 180, 282 S.E. 2d 559 (1981).

After reviewing plaintiff's complaint, we find the subordination provisions in the contract and deed of trust were void for indefiniteness. Therefore, plaintiff's complaint failed to state a legally recognizable claim for relief and was properly dismissed.

In North Carolina "[o]ne of the essential elements of every contract is mutual[ity] of agreement. There must be neither doubt nor difference between the parties. They must assent to the same thing in the same sense, and their minds must meet as to *all* the terms. If *any* portion of the proposed terms is not settled, or no

mode agreed on by which they may be settled, there is no agreement." *Croom v. Lumber Co.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921) (emphasis added). *See Boyce v. McMahan*, 285 N.C. 730, 208 S.E. 2d 692 (1974); *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E. 2d 584 (1980); *Gray v. Hager*, 69 N.C. App. 331, 317 S.E. 2d 59 (1984). A contract, and by implication a provision, "leaving material portions open for future agreement is nugatory and void for indefiniteness." *Boyce v. McMahan*, 285 N.C. at 734, 208 S.E. 2d at 695. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Consequently any contract provision, including a subordinating provision, failing to specify either directly or by implication a material term is invalid as a matter of law.

The specificity of terms in a subordination clause is a question of first impression in North Carolina. In addressing this question we will first review the circumstances in which subordination provisions are used and the purpose behind this use. We will then look to other jurisdictions for guidance in determining what terms are material in such clauses. Finally we will apply the contract law discussed above to the facts in the present case.

A subordination clause is one in which a seller of land, after retaining a security interest in the property sold, permits his interest to become secondary in priority to an encumbrance placed upon the property by the purchaser. *See Roskamp Manley Assoc. v. Davin Dev. & Inv.*, 184 Cal. App. 3d 513, 229 Cal. Rptr. 186 (1986); Annot. "Specific Performance – Definiteness," 26 A.L.R. 3d 855 (1969); Subordination Agreements, Dee Martin Calligar, 70 Yale L.J. 376 (1961).

In the present case and under the typical arrangement, the land is sold subject to a purchase money mortgage and the purchaser is authorized to subject the land to a subsequent mortgage to borrow funds for construction or development. *Id.* This clause is designed to allow a purchaser to develop the land with a relatively small initial investment in the purchase of the property. Inherent in this financing mechanism is the seller's risk of losing both his land and the balance due on the purchase price if the development is not successful. Since the land sold stands as security for not only the initial purchase price but also the costs of development, the foreclosure of the first deed of trust could result in the seller's inability to recover either the land or the money due him. *Id.*

As a result of the unique risks inherent in subordination clauses, other jurisdictions require these clauses to "contain terms that will define and minimize the risk that the subordinating liens will impair or destroy the seller's security." *Handy v. Gordon,* 65 Cal. 2d 578, 581, 55 Cal. Rptr. 769, 770-71, 422 P. 2d 329 (1967); *Spangler v. Memel,* 7 Cal. 3d 603, 102 Cal. Rptr. 807, 498 P. 2d 1055 (1972).

Only one jurisdiction, California, has dealt extensively with the problem of enforcement of subordination provisions. In *Gould v. Callan,* 127 Cal. App. 2d 1, 273 P. 2d 93 (1954), California first identified the material terms of such a clause, holding that the subordination provisions must draw, at a minimum, the outside limits of the seller's exposure by stipulating the amount of the new proposed loan by the buyer, the maximum rate of interest, and the term and method of the loan's repayment. The *Gould* Court found that failure to include these terms rendered a clause incomplete and too uncertain for enforcement. *Gould v. Callan,* 127 Cal. App. 2d 1, 273 P. 2d 93. *Accord, Roskamp Manley Assoc. v. Davin Dev. & Inv.,* 184 Cal. App. 3d 513, 229 Cal. Rptr. 186 (1986); *Cummins v. Gates,* 235 Cal. App. 2d 417, 45 Cal. Rptr. 532 (1965); *Magna Development Co. v. Reed,* 228 Cal. App. 2d 230, 39 Cal. Rptr. 284 (1964); *Roven v. Miller,* 168 Cal. App. 2d 391, 335 P. 2d 1035 (1959).

In later cases the California Courts recognized, as does this Court, that the degree of particularity discussed above is not always attainable where details of future loans are not known prior to the sale of the property. In *Stockwell v. Lindeman,* 229 Cal. App. 2d 750, 40 Cal. Rptr. 555 (1964) the California Court of Appeals held that a subordination clause must state the matters which most directly affect the security of the seller's purchase money mortgage — the maximum amount of the proposed loan and the maximum rate of interest permitted on the future obligation. Remaining details in the provision may be determined by an outside standard, such as a third party institutional lender, custom and usage in the area for such loans, or negotiations between the lender and the buyer. *Id. Accord, Yackey v. Pacifica Development Co.,* 99 Cal. App. 3d 776, 160 Cal. Rptr. 430 (1979); *Eldridge v. Burns,* 76 Cal. App. 3d 396, 142 Cal. Rptr. 845 (1978); *Woodworth v. Redwood Empire Sav. & Loan Assn.,* 22 Cal. App. 3d 347, 99 Cal. Rptr. 373 (1971); *Magna Development Co. v. Reed,* 228 Cal.

App. 2d 230, 39 Cal. Rptr. 284; *Gould v. Callan*, 127 Cal. App. 2d 1, 273 P. 2d 93. However, the *Stockwell* Court stressed that a subordination provision will be found uncertain and unenforceable, if *any* details are left to the future agreement of the *buyer* and the *seller. Stockwell v. Lindeman*, 229 Cal. App. 2d 750, 40 Cal. Rptr. 555. Prior to and since *Stockwell*, the California Courts have consistently held that when a material term is reserved for future agreement by the parties to a contract no legal obligation arises until the parties reach such agreement, since they may be unable to reach a consensus as to that term on a later date. *Id. Accord, Roskamp Manley Assoc. v. Davin Dev. & Inv.*, 184 Cal. App. 3d 513, 229 Cal. Rptr. 186; *Yackey v. Pacifica Development Co.*, 99 Cal. App. 3d 776, 160 Cal. Rptr. 430; *Lawrence v. Shutt*, 269 Cal. App. 2d 749, 75 Cal. Rptr. 533 (1969); *White Point Co. v. Herrington*, 268 Cal. App. 2d 458, 73 Cal. Rptr. 885 (1968); *Magna Development Co. v. Reed*, 228 Cal. App. 2d 230, 39 Cal. Rptr. 284; *Gould v. Callan*, 127 Cal. App. 2d 1, 273 P. 2d 93.

The California Courts' treatment of subordination provisions left to the future agreements of the parties is in conformity with the general contract law in North Carolina, which also holds that such provisions are void for indefiniteness. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392; *Boyce v. McMahan*, 285 N.C. 730, 208 S.E. 2d 692; *Croom v. Lumber Co.*, 182 N.C. 217, 108 S.E. 735; *Gray v. Hager*, 69 N.C. App. 331, 317 S.E. 2d 59; *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E. 2d 584.

In evaluating the validity of the subordination clauses in question, it is unnecessary to consider the specificity of the material terms contained in these provisions.

In the case *sub judice* the subordination provision in the parties' sales contract provided: "The $70,000.00 note shall be 1st. deed of trust until Michael Buck [general partner of plaintiff] secures permanent financing on the building. At that time, note shall become 2nd. deed of trust." The subordination provision incorporated in plaintiff's deed of trust stated:

This is a purchase money deed of trust.

The Beneficiary by the acceptance of this deed of trust agrees to and with the Grantors herein to execute a deed or deeds of subordination upon the request of the Grantors in

such amount as may be reasonably requested by the Grantors so as to allow the Grantors to procure a construction loan on the above-described real property and thereafter, to secure a permanent financing loan of the above-described real property and to execute and deliver to any such construction lender and/or permanent financing lender, a deed of trust which shall be a first deed of trust having priority over this deed of trust and to that end the Beneficiaries herein agree by acceptance of this deed of trust upon request to subordinate the lien of this deed of trust and agree to execute a deed or deeds of subordination at any time during the term of this deed of trust such deed or deeds of subordination to subordinate the lien of this deed of trust to the lien of a construction loan deed of trust and/or a permanent loan deed of trust to be given by the Grantors to a construction and/or permanent financing lender. All of the parties of this deed of trust agree that it shall not be necessary for the Trustee to join in the execution of any deed of subordinations subordinating this deed of trust to the lien of any other deed of trust, but said deed of subordination may be executed by the Beneficiary alone without joinder of the Trustee.

The only phrase present in either clause, addressing the terms of the subordinating loans, is contained in the deed of trust and states that defendants will subordinate their position upon plaintiff's request "in such amount as may be reasonably requested by" plaintiff. Plainly, this phrase requires the parties to agree at a future time as to whether a loan requested by plaintiff is reasonable. This requirement of future agreement on the material terms concerning application of the subordination provision renders this clause void for indefiniteness as a matter of law, without requiring this Court to consider whether the necessary material terms were present to afford defendants' security interest adequate protection.

Plaintiff also argues that defendants, having once subordinated their lien position in accordance with the subordinate clauses, are now equitably estopped from challenging the clauses' enforceability.

Plaintiff raises this argument for the first time on appeal. Equitable estoppel, however, is an affirmative defense, which must

be specifically pled to be properly before a trial court. N.C.G.S. § 1A-1, Rule 8(c) (1983); *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E. 2d 656 (1984); *Smith v. Hudson*, 48 N.C. App. 347, 269 S.E. 2d 172 (1980). "Failure to plead an affirmative defense ordinarily results in waiver thereof," *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. at 6, 312 S.E. 2d at 660; *Delp v. Delp*, 53 N.C. App. 72, 280 S.E. 2d 27, *disc. rev. denied*, 304 N.C. 194, 285 S.E. 2d 97 (1981), although the issue may still be tried if raised by the parties' express or implied consent. N.C.G.S. § 1A-1, Rule 15(b) (1983); *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E. 2d 656.

In the present case, plaintiff neither pled nor tried the case on this theory, and thus cannot now present it on appeal. *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E. 2d 656; *Delp v. Delp*, 53 N.C. App. 72, 280 S.E. 2d 27; *Grissett v. Ward*, 10 N.C. App. 685, 179 S.E. 2d 867 (1971).

We conclude therefore that plaintiff's subordination provisions were void for indefiniteness as a matter of law and find no error in the trial court's granting of defendants' motion to dismiss.

No error.

Judges ARNOLD and WELLS concur.