CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, D/B/A CAROLINAS MEDICAL
CENTER v. FIRST OF GEORGIA INSURANCE COMPANY, T. M. MAYFIELD &
COMPANY, MATTHEW FULTZ, TAMMI BAUGHN AND MARK BAUGHN

No. 21PA94

(Filed 7 April 1995)

1. **Liens § 4 (NCI4th)— personal injury—hospital's lien on settlement funds**

Plaintiff hospital may enforce a lien under N.C.G.S. §§ 44-49 and 44-50 for medical services rendered to a person injured in an automobile accident against money held by an insurance company and its agents for the settlement of claims for the liability of a third person arising from the accident.

**Am Jur 2d, Liens § 65.**

2. **Assignments § 2 (NCI4th)— hospital expenses—assignment of proceeds of claim against tortfeasor**

While the assignment of a claim for personal injury is against public policy and void, a motorist injured in an automobile accident could validly assign the proceeds of his claim against the tortfeasor to plaintiff hospital to pay for medical services for injuries received in the accident. Furthermore, language in the assignment to plaintiff hospital required the tortfeasor's insurer and its agents to pay the assigned money to plaintiff hospital.

**Am Jur 2d, Assignments §§ 7 et seq.**

**Assignability of proceeds of claim for personal injury or death. 33 ALR4th 82.**

Justices LAKE and ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 112 N.C. App. 828, 436 S.E.2d 869 (1993), affirming a judgment dismissing the plaintiff's claims by Constangy, J., at the 19 October 1992 Civil Session of District Court, Mecklenburg County. Heard in the Supreme Court 11 October 1994.

This is an action against Mark Baughn and his wife Tammi Baughn for the recovery of money due for medical services. It is also an action against the other defendants to enforce a lien for the

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[340 N.C. 88 (1995)]

amount due for medical services and to recover money damages for the failure of the other defendants to honor an assignment by Mark Baughn of the proceeds from a claim against a tort-feasor. The complaint contained allegations which may be summarized as follows.

Mark and Tammi Baughn were injured in an automobile accident and were treated by plaintiff. Tammi incurred a medical bill in the amount of $4,401.18 and Mark incurred such a bill for $2,997.77. First of Georgia Insurance Company was the liability insurance carrier for the driver of the automobile which was involved in the accident with the Baughns. T. M. Mayfield & Company adjusted losses for First of Georgia and Matthew Fultz was an agent of Mayfield.

The plaintiff notified Mayfield that it claimed a lien for medical services against any recovery the Baughns might have against the tort-feasor. The plaintiff also notified Mayfield of an assignment to it by Mark Baughn of the proceeds of any recovery he might have from the accident.

Mr. Fultz settled the Baughns' claims against the tort-feasor by paying $14,000 to Tammi Baughn and $8,500 to Mark Baughn. The Baughns were not represented by an attorney. The defendants ignored the lien claims and the assignment in making the payments.

The plaintiff prayed for money judgments against the Baughns and for judgments against the other defendants based on the alleged liens and assignment. The plaintiff was not able to get service of process on Tammi Baughn and took a voluntary dismissal as to her. Mark Baughn did not file an answer and a default judgment was taken against him. The Baughns are not involved in this appeal.

The district court granted a motion to dismiss the claims against the other defendants pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) and the Court of Appeals affirmed. The plaintiff has appealed to this Court.

*Turner, Enochs & Lloyd, P.A., by Wendell H. Ott, Thomas E. Cone and Laurie S. Truesdell, for plaintiff-appellant.*

*Howard M. Widis for defendant-appellees First of Georgia Insurance Co., T. M. Mayfield & Co., and Matthew Fultz.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the plaintiff may enforce liens for money due for medical services rendered to

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[340 N.C. 88 (1995)]

persons for injuries incurred in an automobile accident. The liens the plaintiff is seeking to enforce are against money held by an insurance company and its agents for the settlement of claims for the liability of a third person arising from the accident.

The resolution of this question depends on the interpretation of the following two sections of the General Statutes. N.C.G.S. § 44-49 provides in part:

> From and after March 26, 1935, there is hereby created a lien upon any sums recovered as damages for personal injury in any civil action in this State, the said lien in favor of any person, corporation, municipal corporation or county to whom the person so recovering, or the person in whose behalf the recovery has been made, may be indebted for drugs, medical supplies, ambulance services, and medical services rendered by any physician, dentist, trained nurse, or hospitalization, or hospital attention and/or services rendered in connection with the injury in compensation for which the said damages have been recovered.

N.C.G.S. § 44-49 (1991). N.C.G.S. § 44-50 provides in part:

> Such a lien as provided for in G.S. 44-49 shall also attach upon all funds paid to any person in compensation for or settlement of the said injuries, whether in litigation or otherwise; and it shall be the duty of any person receiving the same before disbursement thereof to retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims for such drugs, medical supplies, ambulance service and medical attention and/or hospital service, after having received and accepted notice thereof.

N.C.G.S. § 49-50 (1991). The defendants, relying on the language of N.C.G.S. § 44-50 that the lien attaches "upon all funds paid to any person," argue that the lien did not attach until the Baughns were paid, at which time the defendants were not holding any money which was subject to the lien. We believe N.C.G.S. § 44-50 must be read in conjunction with N.C.G.S. § 44-49. N.C.G.S. § 44-50 provides that "[s]uch a lien as provided for in G.S. 44-49 shall also attach upon all funds paid to any person." A lien for which N.C.G.S. § 44-49 provides attaches when there is a recovery of damages. This would be before any money is paid. If the plaintiff under N.C.G.S. § 44-50 is to have a lien "[s]uch . . . as provided for in G.S. § 44-49" the lien should attach before the insurance company makes its payments and when the par-

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[340 N.C. 88 (1995)]

ties agree upon a settlement. This being so, the plaintiff may enforce the lien against the money which is payable for the personal injury.

The defendants argue and the Court of Appeals held that language in *Insurance Co. v. Keith*, 283 N.C. 577, 582, 196 S.E.2d 731, 735 (1973), which says that N.C.G.S. § 44-49 and N.C.G.S. § 44-50 impose no obligation upon the tort-feasor means the sections impose no obligation on the tort-feasor's insurance carrier. *Keith* did not involve an interpretation of N.C.G.S. § 44-49 or N.C.G.S. § 44-50. It was an interpleader action by an insurance company to determine which of two parties was entitled to the proceeds of an insurance policy. Any statement we made as to the obligation of a tort-feasor was dictum. More importantly, we do not believe the General Assembly in enacting this statute would have necessarily made no distinction between the tort-feasor, who normally does not pay the claim, and the insurance company, which normally does pay the claim. *Keith* is not precedent for this case.

[2] The Court of Appeals also held that the assignment to the plaintiff of the proceeds payable by First of Georgia up to the amount of Mark Baughn's bill for medical services was void. The Court of Appeals relied on its opinion in *N.C. Baptist Hospitals, Inc. v. Mitchell*, 88 N.C. App. 263, 362 S.E.2d 841 (1987), *aff'd on other grounds*, 323 N.C. 528, 374 S.E.2d 844 (1988), which held that the assignment of the proceeds of a claim for personal injury is void for being against public policy.

There is a distinction between the assignment of a claim for personal injury and the assignment of the proceeds of such a claim. The assignment of a claim gives the assignee control of the claim and promotes champerty. Such a contract is against public policy and void. *Southern Railway Co. v. O'Boyle Tank Lines*, 70 N.C. App. 1, 318 S.E.2d 872 (1984). The assignment of the proceeds of a claim does not give the assignee control of the case and there is no reason it should not be valid.

The defendants contend that the language of the assignment is such that they had no obligation to deliver to the plaintiff any money. A part of the assignment provides:

[T]he undersigned hereby assigns to the Hospital Authority and each of its facilities that provided services to the patient all right, title and interest in and to any compensation or payment in any

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[340 N.C. 88 (1995)]

form that the undersigned received or shall receive as a result of or arising out of the injuries sustained by the patient. . . .

The defendants contend that this language refers only to funds that Mark Baughn has received or shall receive. The defendants say it does not pertain to funds which were payable to him and they are not required by the assignment to pay anything to the plaintiff.

The assignment also contains the following language:

[T]he undersigned hereby authorizes and directs any person or corporation having notice of this assignment to pay to the Hospital Authority directly the amount of the indebtedness owed to the Hospital Authority in connection with services rendered to the patient.

This provision should alleviate any doubt that the assignment required the defendants to pay the assigned money to the plaintiff.

There is also language in the assignment which says:

This assignment . . . is made without prejudice to any rights that the patient, and the undersigned might have to compensation for injuries incurred by the patient, but the undersigned hereby authorizes and directs any person or corporation having notice of this assignment to pay to the Hospital Authority directly the amount of the indebtedness owed to the Hospital Authority in connection with services rendered to the patient.

The defendants say that this sentence is ambiguous and it may mean that the patient has reserved to himself a part of the payment for personal injury. We believe it is clear that this sentence means Mr. Baughn reserved the right to pursue his remedy against the tortfeasor without effect on the assignment.

We do not by this opinion intend to weaken our decision in *N.C. Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 374 S.E.2d 844. It holds that when the payment in settlement of damages for a personal injury claim is made to a third party, the money must be distributed in accordance with the provisions of N.C.G.S. § 44-50. The payment was not made to a third party in this case.

For the reasons stated in this opinion, we reverse the holdings of the Court of Appeals and hold that based on the allegations in the complaint, the plaintiff may enforce liens on its claims for medical expenses and that the assignment of Mark Baughn is valid. This case

is remanded to the Court of Appeals for further remand to the District Court, Mecklenburg County, for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Justices LAKE and ORR did not participate in the consideration or decision of this case.