STACEY J. CHAPPELL, PLAINTIFF v. ANTHONY W. ROTH AND TONY ROTHE, DEFENDANTS

No. COA00-517

(Filed 29 December 2000)

**Arbitration and Mediation— automobile accident—motion to enforce mediated settlement agreement**

The trial court erred in a case arising out of an automobile accident by denying plaintiff's motion to enforce a mediated settlement agreement even though the parties failed to agree on a particular release provision, and the case is remanded for a determination of: (1) whether the contested provision is a material term of the settlement agreement in light of all the circumstances, and whether defendants waived their right to argue the provision is material by failing to address it during mediation; (2) whether the contested provision is really necessary to protect defendants against the possibility of having to pay both the injured claimant and a medical provider for identical losses; and (3) the implications of the holdings of two prior Court of Appeals cases.

Judge GREENE dissenting.

Appeal by plaintiff from order entered 6 April 2000 by Judge Steve A. Balog in Guilford County Superior Court. Heard in the Court of Appeals 19 December 2000.

CHAPPELL v. ROTH

[141 N.C. App. 502 (2000)]

*Donaldson & Black, P.A., by Arthur J. Donaldson and Rachel Scott Decker, for plaintiff-appellant.*

*Frazier & Frazier, L.L.P., by Torin L. Fury, for defendant-appellees.*

FULLER, Judge.

Stacey J. Chappell (plaintiff) appeals an order entered 6 April 2000 in favor of Anthony W. Roth (a.k.a. Tony Rothe or Tony Roth) and unnamed defendant State Farm Mutual Automobile Liability Insurance Company (together defendants) denying plaintiff's motion to enforce a mediated settlement agreement.

On 11 February 1999, plaintiff filed a complaint to recover compensatory damages from defendants for personal injuries sustained in an automobile accident on 8 March 1996. Defendants answered and alleged contributory negligence. After participating in a court-ordered mediated settlement conference on 21 December 1999, the parties reached a settlement agreement with the following terms and conditions: "Defendant will pay $20,000 within [two] weeks of date of settlement in exchange for voluntary dismissal (with prejudice) and full and complete release, mutually agreeable to both parties."

Subsequent to mediation, defendants presented plaintiff with a proposed "Release of All Claims." Plaintiff objected to the final provision in the release, contending that "it imposed burdens on the plaintiff which were not discussed at the conference and which are greater than those required by North Carolina law." Plaintiff suggested alternatives to the release language, and defendants responded by requesting a return of the settlement draft. On 21 February 2000, plaintiff moved to enforce the agreement. The trial court, however, denied plaintiff's motion on 6 April 2000.

This Court has held that a settlement agreement "is a contract, to be interpreted and tested by established rules relating to contracts." *Futrelle v. Duke University,* 127 N.C. App. 244, 251, 488 S.E.2d 635, 640 (quoting *Casualty Co. v. Teer Co.,* 250 N.C. 547, 550, 109 S.E.2d 171, 173 (1959)), *disc. review denied,* 347 N.C. 398, 494 S.E.2d 412 (1997). It is also clear that a valid contract does not exist if the parties have not reached a meeting of the minds as to all essential terms of the agreement, or if material portions are left open for future agreement. *See Miller v. Rose,* 138 N.C. App. 582, 587, 532 S.E.2d 228, 232 (2000).

Here, defendants argue that a valid contract was not formed because (1) the parties failed to agree upon the terms of a release that would follow mediation, and (2) the release is a material term of the settlement agreement. We are concerned that, were we to accept such a perspective, our holding would permit, and might even encourage, parties to renege on settlement agreements reached through court-ordered mediation simply by proposing that potentially objectionable provisions, not addressed during the mediation, be included in the release which is necessarily drafted and exchanged subsequent to the mediation conference.

We believe defendants have oversimplified the issue by suggesting that the parties here generally failed to agree upon the terms of the release. In fact, the parties failed to agree upon only one particular provision, proposed by defendants, in a lengthy and otherwise fairly standard release:

> The undersigned further warrants that she shall honor and pay all claims and liens, of whatever sort, as by law provided and the undersigned shall hold the releasees harmless on account of the undersigned's failure to pay any claim or lien as by law provided.

As to every other provision in the release, and all other terms of the settlement, the parties are apparently in agreement. Thus, the issue is whether this particular release provision upon which the parties failed to agree is a material term of this particular settlement agreement.

It should first be noted that the contested provision purports to apply to "the undersigned," and the release provides for the signatures of both plaintiff and plaintiff's counsel. However, the North Carolina State Bar, in Ethics Opinion RPC 228, has opined that an attorney representing an injured party may not execute an agreement to indemnify a tortfeasor's insurance carrier against unpaid liens of medical providers since such an agreement might result in a conflict of interest in violation of Rule 1.7(b) of the Revised Rules of Professional Conduct. It is presumed, therefore, that the contested provision is intended to apply only to plaintiff, since plaintiff's counsel is ethically prohibited from executing such an agreement.

In the instant case, the trial court ordered the parties to attend a mediated settlement conference pursuant to N.C.G.S. § 7A-38.1 (1999). The mediator's report, filed with the court, states that the par-

**CHAPPELL v. ROTH**

[141 N.C. App. 502 (2000)]

ties did, indeed, reach an agreement on all issues during the conference. Such a settlement agreement is not lightly to be entered into, nor lightly to be set aside. The public policy underlying court-ordered mediated settlement conferences is "to make civil litigation more economical, efficient, and satisfactory to litigants and the State." G.S. § 7A-38.1(a). This policy warrants a strong presumption that a settlement agreement reached by the parties through court-ordered mediation under the guidance of a mediator is a valid contract that serves to minimize the expenditure of time and money by the parties, and to bring the benefit of final resolution to our jurisprudence. Accordingly, a party who subsequently claims that such a settlement agreement is invalid and unenforceable should have to overcome that presumption.

Upon remand, the trial court should conduct a hearing to determine, at the outset, whether the contested provision is indeed a material term of the settlement agreement in light of all the circumstances. On this issue, the burden should be on defendants, as the party seeking to invalidate the agreement, to show that the provision is reasonably necessary to protect defendants' rights under the particular circumstances. If defendants fail to so prove, the settlement agreement should be enforced.

The trial court should also determine whether the contested provision is really necessary, and thus material, to protect defendants against the possibility of having to pay both the injured claimant and a medical provider for identical losses pursuant to our Supreme Court's decision in *Charlotte-Mecklenburg Hosp. Auth. v. First of GA. Ins. Co.*, 340 N.C. 88, 455 S.E.2d 655, *reh'g denied*, 340 N.C. 364, 458 S.E.2d 186 (1995). In that case, the Supreme Court interpreted N.C.G.S. §§ 44-49 and 44-50 (1999) to provide that a lien in favor of a medical provider for unpaid medical expenses attaches to the money held by the tortfeasor's insurance company immediately upon the reaching of a settlement agreement. *Id.* at 90-91, 455 S.E.2d at 656-57. The Court upheld the medical provider's right to enforce such a lien against an insurance company, even though the insurance company had already paid the full settlement amount to the injured party. *Id.* at 91, 455 S.E.2d at 657. However, this holding presumably applies only where an insurance company is put on notice of a lien in favor of a third party prior to making payment to the injured party. *See* Carol A. Crocca, Annotation, *Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery from Tortfeasor Causing Patient's Injuries*, 16 A.L.R. 5th 262, § 49 (1993). In the

instant case there is nothing in the record to indicate that defendants were, in fact, put on notice of any such liens prior to reaching the settlement agreement.[1]

Lastly, the trial court should also consider the implications of our holding in *Triangle Park Chiropractic v. Battaglia*, 139 N.C. App. 201, 532 S.E.2d 833 (2000), *disc. review denied*, 352 N.C. 683, —— S.E.2d —— (2000). In that case this Court held that a medical provider may enforce a valid lien against an injured party's attorney where the attorney was on notice of the lien but chose to pay the entire settlement amount directly to his client. We believe this holding, clarifying an attorney's obligations to honor medical provider liens, is likely to increase the frequency with which medical providers are reimbursed, which may, in turn, affect the need for the contested release provision. In sum, the materiality of the contested provision should be determined by the trial court on the facts presented in this case, and in light of the holdings in *Charlotte-Mecklenburg* and *Battaglia*.

If the contested provision is a material term of this settlement agreement, the trial court should proceed to determine whether Defendants, by failing to address the contested provision during mediation, thereby waived their right to argue that the provision is material. The very fact that Defendants did not specifically address the contested provision during mediation in and of itself raises a question as to whether the provision is a material term in this particular case. As before, the burden should be on defendants to explain why this allegedly material term was not addressed and resolved at mediation.

To avoid undermining the objectives of our court-ordered mediation system, the trial court should be reluctant to allow any party easily to escape the terms of a settlement agreement that was reached through court-ordered mediation.[2]

---

1. Mediated Settlement Conference Rule 4C requires parties to notify any lien holder, who has given notice of a lien, of the mediated settlement conference. In the absence of any mention in the record of a lien holder attending the mediation conference, we presume Defendants did not receive any such notice.

2. Pragmatically, the existence of a "Standard Release" form would prevent similar disputes in the future. Surely, one of our voluntary bar groups with members from both sides of the aisle could create such a form, which could then be incorporated by reference into a settlement agreement, or which would at least provide the impetus for addressing at mediation any specific provision to be included or omitted.

Reversed and Remanded.

Judge WALKER concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The issue in this case is whether the parties had a settlement agreement or a contract that was enforceable. A contract is enforceable only if the parties "assent to the same thing in the same sense," and their minds "meet as to *all* the terms." *MCB Ltd. v. McGowan*, 86 N.C. App. 607, 608, 359 S.E.2d 50, 51 (1987) (citations omitted). "If *any* portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement." *Id.* at 608-09, 359 S.E.2d at 51.

In this case, defendants were agreeing to pay $20,000.00 in exchange for a "full and complete release, mutually agreeable to both parties." The terms of the release were not agreed upon, and there was no method established to settle the terms of the release. Thus, there simply was no agreement to enforce and the trial court correctly denied plaintiff's motion to enforce the alleged agreement. I, therefore, respectfully dissent.