STACEY J. CHAPPELL v. ANTHONY W. ROTH AND TONY ROTHE

No. 68A01

(Filed 20 July 2001)

**Arbitration and Mediation— automobile accident—motion to enforce mediated settlement agreement**

The Court of Appeals erred in a case arising out of an automobile accident by reversing the trial court's denial of plaintiff's motion to enforce a mediated settlement agreement that provided as a condition of the settlement for a release "mutually agreeable to both parties" because the settlement agreement was not an enforceable contract when the parties never agreed upon the terms of the release, and the settlement agreement did not establish a method by which to settle the terms of the release.

Justice EDMUNDS dissenting.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 141 N.C. App. 502, 539 S.E.2d

666 (2000), reversing and remanding an order entered 6 April 2000 by Balog, J., in Superior Court, Guilford County. Heard in the Supreme Court 14 May 2001.

*Donaldson & Black, P.A., by Arthur J. Donaldson and Rachel Scott Decker, for plaintiff-appellee.*

*Frazier & Frazier, L.L.P., by Torin L. Fury, for defendant-appellants.*

PARKER, Justice.

The issue before this Court is whether the Court of Appeals erred in reversing the trial court's denial of plaintiff's motion to enforce a mediated settlement agreement that provided, as a condition of the settlement, for a release "mutually agreeable to both parties." For the reasons which follow, we reverse the decision of the Court of Appeals.

On 11 February 1999 plaintiff Stacey J. Chappell filed an action against defendant Anthony W. Roth (a/k/a Tony Rothe or Tony Roth) and unnamed defendant State Farm Mutual Automobile Liability Insurance Company seeking damages for personal injuries sustained in an automobile accident. On 21 December 1999 the parties participated in a court-ordered mediated settlement conference at which the parties reached a settlement agreement containing the following terms and conditions: "Defendant will pay $20,000 within [two] weeks of date of settlement in exchange for voluntary dismissal (with prejudice) and full and complete release, mutually agreeable to both parties."

Following the settlement conference, defendants presented plaintiff with a proposed release. However, plaintiff objected to a provision in the release on the basis that "it imposed burdens on the plaintiff which were not discussed at the conference and which are greater than those required by North Carolina law." Plaintiff then suggested alternatives to the release language, and defendants responded by requesting a return of the settlement draft. On 21 February 2000 plaintiff filed a motion to enforce the settlement agreement. The trial court denied plaintiff's motion on 6 April 2000.

A divided panel of the Court of Appeals reversed the trial court's ruling. *Chappell v. Roth*, 141 N.C. App. 502, 507, 539 S.E.2d 666, 669

(2000). The Court of Appeals explained that defendants must overcome a "strong presumption that a settlement agreement reached by the parties through court-ordered mediation under the guidance of a mediator is a valid contract." *Id.* at 505, 539 S.E.2d at 668. Consequently, the Court of Appeals remanded the case to the trial court for a determination of whether the contested provision in the release is a material term of the settlement agreement in light of all the circumstances; and if defendants fail to satisfy their burden of proving materiality, then the trial court should enforce the settlement agreement. In his dissent Judge Greene concluded that, as the parties never agreed upon the terms of the release, the settlement agreement was not an enforceable contract. Defendants appealed to this Court based on the dissent.

This Court has previously stated that compromise agreements, such as the mediated settlement agreement reached by the parties in this case, are governed by general principles of contract law. *McNair v. Goodwin*, 262 N.C. 1, 7, 136 S.E.2d 218, 223 (1964). For an agreement to constitute a valid contract, the parties' " 'minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement.' " *Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974) (quoting *Croom v. Goldsboro Lumber Co.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921)); *see also Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 912 (1998) (explaining that no contract results "[w]hen there has been no meeting of the minds on the essentials of an agreement"); *Normile v. Miller*, 313 N.C. 98, 108, 326 S.E.2d 11, 18 (1985) (stating that no contract exists absent a meeting of the minds or mutual assent between the parties).

Based on these principles, we hold that, absent agreement by the parties concerning the terms of the release, the settlement agreement did not constitute an enforceable contract. We recognize that settlement of claims is favored in the law, *Rowe v. Rowe*, 305 N.C. 177, 186, 287 S.E.2d 840, 846 (1982); *Fisher v. John L. Roper Lumber Co.*, 183 N.C. 485, 489, 111 S.E. 857, 859 (1922), and that mediated settlement as a means to resolve disputes should be encouraged and afforded great deference. Nevertheless, given the consensual nature of any settlement, a court cannot compel compliance with terms not agreed upon or expressed by the parties in the settlement agreement.

Plaintiff contends that the settlement agreement is enforceable as to those terms upon which the parties reached agreement, namely

defendants' payment of $20,000 to plaintiff in exchange for a voluntary dismissal with prejudice. We disagree.

In the present case the mediated settlement agreement provided that defendants would pay $20,000 to plaintiff in exchange for a voluntary dismissal with prejudice and a "full and complete release, mutually agreeable to both parties." The "mutually agreeable" release was part of the consideration, and hence, material to the settlement agreement. The parties failed to agree as to the terms of the release, and the settlement agreement did not establish a method by which to settle the terms of the release. Thus, no meeting of the minds occurred between the parties as to a material term; and the settlement agreement did not constitute a valid, enforceable contract. Accordingly, the Court of Appeals erred in reversing the trial court's ruling denying plaintiff's motion to enforce the settlement agreement.

For the foregoing reasons, we reverse the opinion of the Court of Appeals.

REVERSED.

Justice EDMUNDS dissenting.

Although the majority acknowledges North Carolina's strong and consistent policy favoring settlement of contested cases, I believe this opinion undermines that policy. The mediator who conducted the settlement conference reported to the trial court that plaintiff and defendants had reached "agreement on all issues." Specifically, the parties agreed that defendants would pay plaintiff $20,000 in exchange for a voluntary dismissal with prejudice and a full and complete release mutually agreeable to the parties. Thereafter, defendants sought to add to the release a hold-harmless provision in order to address our holding in *Charlotte-Mecklenburg Hosp. Auth. v. First of Ga. Ins. Co.*, 340 N.C. 88, 455 S.E.2d 655 (1995). Both parties agree that this provision was not discussed during the settlement conference even though it arose from an opinion published long before the mediation and presumably was known to the attorneys for the parties. Plaintiff objected to the provision, then filed a motion to enforce the settlement agreement, but the trial court denied plaintiff's motion.

The Court of Appeals apparently realized that it could not determine from the record whether defendant's proposed provision was

material to the settlement agreement. Accordingly, that court remanded the case to the trial court with instructions to conduct a hearing to determine whether the contested provision was material under the circumstances of the case. The majority of this Court concludes that the release is material as a matter of law and that because the parties failed to agree as to the "terms" of the release, there is no enforceable contract. However, only a single release term, the hold-harmless provision, remained unresolved.

I agree with the majority that an agreement between the parties to mediate does not imply a surrender of their rights to a trial. Nevertheless, I do not believe that every hitch encountered in ironing out the details of a mediation nullifies that mediation. A contract survives if the parties differ over a term that is not material. *MacKay v. McIntosh*, 270 N.C. 69, 153 S.E.2d 800 (1967); *Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 358 S.E.2d 566 (1987). The majority's result permits a mediation to be derailed whenever either party elaborates on the particulars of their mediated agreement. I believe that the Court of Appeals' resolution was proper and that the trial court is better able than we to determine whether the sole contested term in this case is material. Because I believe the majority opinion is inconsistent with the long-standing policy favoring settlement of contested cases, I would affirm the Court of Appeals. Accordingly, I respectfully dissent.