The undersigned respectfully dissents from the Opinion and Award of the majority denying the enforcement of the memorandum of agreement and finding that the compromise settlement agreement is not fair and just. Under the law the greater weight of the competent evidence supports a finding that the memorandum of agreement is an enforceable contract and the compromise settlement agreement is fair and just to all parties.
Compromise settlement agreements, including mediated settlement agreements are governed by the general principles of contract law.Chappel v. Roth, 353 N.C. 690, 548 S.E. 2d 499 (2001). Where no time has been set or stipulated to for the acceptance of an offer, the offeree has a reasonable time within which to accept the offer. Jackson v. N.C.Joint Stock Land Bank of Durham, 208 N.C. 705, 182 S.E. 110 (1935). Although a contract was not formed at the mediation in this case, plaintiff signed the memorandum of agreement indicating his intent to agree to the terms of the settlement and that the settlement of the claim remained open for a reasonable period of time in order to allow defendants to obtain settlement authorization.
On May 18, 2006, only 15 days after the May 3, 2006 mediation, defendants agreed to the terms of the settlement by signing the memorandum of agreement and submitting the settlement documents to plaintiff within a reasonable time following the mediation. It was only after defendants notified plaintiff and executed the memorandum of agreement that defendants were notified that plaintiff was having second thoughts. However, once defendants executed the memorandum of agreement, the memorandum became an enforceable binding contract. *Page 8 
Plaintiff contends that the notation in the memorandum that defendants would prepare and submit the settlement documents by May 15, 2006 was a stipulation that acceptance must be indicated by that deadline. However, the memorandum did not specify the manner or the date in which the offer of settlement would lapse or otherwise be considered as a rejection. Even if this clause were a stipulation that acceptance was required by May 15, 2007, such a time limit for acceptance can be waived if the offeror takes steps to complete the transaction after the late acceptance is received. Carver v. Britt, 241 N.C. 538, 85 S.E.2d 888(1955). In the case sub judice plaintiff proceeded with the transaction. After defendants submitted the settlement agreement to plaintiff, plaintiff responded with requests to include additional language, which defendants added to the agreement. Plaintiff through his actions acknowledged defendants acceptance of the settlement agreement and plaintiff's intent to proceed with the execution of the settlement agreement. Therefore, the parties in this claim are bound by the terms of the memorandum of agreement.
Further, the compromise settlement agreement is fair and just to all parties pursuant to N.C.I.C. Rule 502(2) and Lemly v. Colvard OilCo., 157 N.C. App. 99, 577 S.E.2d 712 (2003). In making a determination of whether an agreement is fair and just, the Industrial Commission must consider the evidence presented at the time of the agreement. Lewis v.Craven Reg'l Med. Ctr., 134 N.C. App. 438, 518 S, E, 2d 1 (1999).
After entering into the memorandum of agreement, plaintiff now seeks to avoid the enforcement of the agreement by declaring that the settlement was not fair and just. The majority has found that there was sufficient evidence available at the time of the parties' settlement conference to rule that the agreement was not fair and just. However the greater weight of the evidence is to the contrary. At the time of the agreement, plaintiff had reached *Page 9 
maximum medical improvement with regard to his back and had been released to return to work without restrictions, and plaintiff had been assigned a 15% permanent partial impairment rating to his leg. Defendants contend that plaintiff does not have permanent impairment and that plaintiff is not entitled to further benefits. Plaintiff knew, at the time of the agreement, what his current and potential medical conditions were. Plaintiff was aware of his medical condition and had the advise of counsel in making the determination to settle his claim. Based upon the greater weight of the medical evidence, the compromise settlement agreement is fair and just to all parties.
For the foregoing reasons the undersigned respectfully dissents from the majority.
This the 14th day of February, 2008.
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1