***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is November 10, 2003.
2. The parties hereto were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the time of the injury.
3. An Employer-Employee relationship existed between the Employee-Plaintiff and the Employer-Defendant on the date of injury.
4. The Employer-Defendant employed three (3) or more employees on the date of the injury.
5. At the time of the injury, the Employer-Defendant was self-insured.
6. The Employee-Plaintiff's average weekly wage is $861.66.
7. The parties unsuccessfully mediated this matter on October 1, 2009.
8. This matter was initially docketed to be heard on December 15, 2009 before the Deputy Commissioner.
9. On December 7, 2009, counsel for plaintiff notified Deputy Commissioner Stanback via email that the parties had resolved the instant matter and would be preparing a compromise settlement agreement, whereupon the matter was removed from the December 15, 2009 hearing docket.
10. Plaintiff has refused to execute a compromise settlement agreement.
11. Documents entered into evidence include the following:
 a. Stipulated Exhibit #1 — Pre-Trial Agreement
 b. Stipulated Exhibit #2 — Plaintiff's out-of-pocket medical expenses *Page 3 
 c. Stipulated Exhibit #3 — Communications between the parties regarding settlement
12. The primary issues for decision before the Full Commission are whether the proposed compromise settlement agreement between the parties is enforceable and whether the plaintiff should be compelled to execute the same.
 ***********
Based upon the competent evidence of record and the reasonable inferences there from, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was severely injured while on duty as a police officer with defendant, City of Rocky Mount, on November 10, 2003.
2. Defendant denied the claim was compensable under the North Carolina Workers' Compensation Act. The Industrial Commission in 2005 and the Court of Appeals in 2006 held that the injury was a compensable claim and that plaintiff was entitled to benefits under the Act.
3. Although plaintiff returned to some work on January 5, 2004 following her injury, she has been unable to work since August 2004 and has been receiving disability through the Local Government Employment Retirement System. Plaintiff has received no temporary total disability benefits from defendant.
4. Plaintiff has been required to pay more than $40,000 from her own funds for medical bills that are the responsibility of defendant.
5. The parties mediated this case but reached an impasse. A hearing was set by the Industrial Commission for December 15, 2009; however, prior to that date, the parties agreed to *Page 4 
settle the claim and notified the Deputy Commissioner that the claim had been settled and the matter was removed by the Deputy Commissioner from the hearing calendar.
6. In November and December 2009 the parties exchanged e-mails concerning settlement terms. In a December 4, 2009 e-mail from plaintiff's counsel to defendant's counsel, plaintiff's counsel stated plaintiff had agreed to settle her claim for $200,000.00, but it is also clear from the e-mail that plaintiff is concerned about being reimbursed for the out of pocket medical expenses owed to her and that the specific terms on medical reimbursement had not been finalized. Notice of a settlement was e-mailed to the Deputy Commissioner on December 7, 2009.
7. Defendant sent a copy of a settlement agreement to plaintiff's counsel on December 15, 2009. Modifications to the proposed settlement agreement were exchanged between the parties during the next two months.
8. Based upon plaintiff's February 22, 2010 e-mail she did not agree to the terms of the agreement concerning how she would be reimbursed for out of pocket medical expenses. Defendant proposed that plaintiff would be reimbursed for her medical care expenditures of over $40,000 by defendant paying the medical providers, with the medical providers then being "expected" to refund the amounts owed to plaintiff and the health care insurer. Plaintiff instead wanted to be directly reimbursed by defendant. The Full Commission finds plaintiff's concerns to be valid since plaintiff's reimbursement amount and the timing of such reimbursements would be determined by third parties who were not parties to the clincher.
9. Plaintiff wrote in an email on February 22, 2010 that she wanted a two-month deadline for defendant to reimburse her for medical expenses in that "you see, Matthew and his law firm do not know the history the city of Rocky Mount has with paying their bills; however, I *Page 5 
do. The city will drag out paying me as long as they can. I truly believe the prior seven years is enough time for them."
10. At the time of hearing on August 24, 2010, defendant had only paid plaintiff $4,798.88 in reimbursement.
11. Plaintiff at other times stated various reasons for not continuing to move toward settlement, including her fear and concern that defendant would not pay the medical bills and that she merely wanted to obtain a higher net amount.
12. The greater weight of the evidence shows that defendant's failure to pay the medical bills timely in the past and as requested was a fundamental reason for plaintiff's failure to proceed with a settlement agreement. The Full Commission finds plaintiff's testimony that she was expecting to receive reimbursement for her out of pocket medical expenses before she signed the final settlement agreement to be credible.
13. Defendant had no just cause or excuse for failing to pay the medical bills.
14. The Full Commission finds defendant's own actions, or lack of action regarding non-payment of plaintiff's medical bills, was the primary cause of the failure of a settlement, and was not due to plaintiff "deliberately changing her position according to the exigencies of the moment." As such, the integrity of the judicial process has not been threatened.
15. Even though the plaintiff ultimately refused to enter into the settlement agreement, her position was not "clearly inconsistent with her earlier position," as negotiations continued even after the parties indicated to the Commission that the case had been settled, which is not unusual in contested cases. At no point during negotiations did the terms within the compromise settlement agreement represent a meeting of the minds between plaintiff and defendant. Based upon the preponderance of the evidence, the Full Commission finds that there *Page 6 
was no meeting of the minds between the parties as to payment of medical expenses, which was an essential term of the settlement agreement. Without a meeting of the minds, a valid and enforceable contract was not created between the parties.
16. Judicial integrity has not been threatened due to the Commission's previous acceptance of the parties' position that the case had settled, and the case subsequently being removed from the hearing docket. There is a cost of the proceeding involved by this case having been brought to hearing as opposed to settling; however, that cost should be borne by the defendant.
17. Plaintiff does not derive an unfair advantage or impose an unfair detriment on the opposing party by not going forward with the proposed settlement agreement. Plaintiff is the disadvantaged party in this case, due to the breakdown of settlement negotiations, she has not received the settlement funds originally negotiated or reimbursement for her out-of-pocket medical expenses she should not have incurred. Finally, the case continues to remain open and unresolved.
18. Even if the settlement had been enforceable, the Full Commission finds that the settlement agreement was not fair and just to plaintiff since an essential term of the agreement for plaintiff was immediate reimbursement of all of her out of pocket medical expenses and the language of the clincher, at best, stated that the parties "expect" that plaintiff would be reimbursed by others who were not parties to the agreement and plaintiff would bear the burden of trying to obtain reimbursement.
19. Defendant had reasonable grounds for seeking enforcement of the compromise settlement agreement.
 *********** *Page 7 
Based on the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The North Carolina Court of Appeals has identified the appropriate review for use in an evaluation of the validity and enforceability of workers' compensation compromise settlement agreements:
 Compromise settlement agreements, including mediated settlement agreements, "are governed by general principles of contract law." Chappell v. Roth, 353 N.C. 690, 692, 548 S.E.2d 499, 500, reh'g denied, 354 N.C. 75, 553 S.E.2d 36 (2001). "It is a well-settled principle of contract law that a valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement." Northington v. Michelotti, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995). "To be enforceable, the terms of a contract must be sufficiently definite and certain." Miller v. Rose, 138 N.C. App. 582, 587-88, 532 S.E.2d 228, 232 (2000).
Lemly v. Colvard Oil Company,157 N.C. App. 99, 103, 577 S.E.2d 712, 715 (2003).
2. A compromise settlement agreement is enforceable, even though unsigned, where the terms of the agreement are complete, there is a meeting of the minds as to all of the terms, and the agreement is accepted in its exact terms. Where there is a meeting of the minds, the Industrial Commission may waive strict compliance with Rule 502(3)(b), which requires execution of a compromise settlement agreement by the parties and attorneys of record. Chaisson v.Simpson, 195 N.C. App. 463, 673 S.E. 2d 149 (2009); North Carolina Industrial Commission Workers' Compensation Rules, Rule 801.
3. In the present case, there was no meeting of the minds as to an essential term of the agreement, the reimbursement and payment of medical expenses. Plaintiff never accepted defendant's proposal of how it was going to reimburse her for medical bills and make payment *Page 8 
of medical bills. Without a meeting of the minds, there is no enforceable compromise settlement agreement between the parties.Id.
4. Pursuant to Rule 502(3), (e) of the Rules of the Industrial Commission, the settlement agreement must contain a finding that the positions of the parties to the agreement are reasonable as to the payment of medical expenses. In the instant case, there was neither a meeting of the minds nor any agreement between the parties as to the payment of the medical expenses.
5. Based upon a preponderance of the evidence, the Full Commission concludes after review of the entire record that, even if enforceable, the settlement agreement is not fair and just to the plaintiff and should not be approved.
5. This case has been previously found to be compensable and defendant is responsible for payment of all reasonably related medical expenses. Plaintiff is entitled to be directly reimbursed by defendant for her out-of-pocket medical expenses related to this case. N.C. Gen. Stat. § 97-25 (2010).
6. Defendants had reasonable grounds to bring this claim, as there was a legitimate dispute as to the enforceability of the settlement agreement. N.C. Gen. Stat. § 97-88.1 (2010).
7. Nonetheless, due to the necessity of defending this action on appeal to the Full Commission, plaintiff is still entitled to reasonable attorney's fees under N.C. Gen. Stat. § 97-88, the award of which shall be held in abeyance pending a final award by the Industrial Commission.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 9 
 AWARD
1. Defendant shall directly reimburse plaintiff for all of her out-of-pocket medical expenses as required by the 2005 Opinion and Award of the Full Commission which was subsequently affirmed by the Court of Appeals.
2. Enforcement of the compromise settlement agreement in this case must be and is hereby DENIED.
3. Even if enforceable, the compromise settlement agreement is DISAPPROVED as it is not fair and just to plaintiff.
4. The award of a reasonable attorney fee for plaintiff's counsel shall be held in abeyance pending a final award of the Industrial Commission.
5. 5. This case is remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for placement on the docket for a hearing as to the amount of temporary total disability benefits and medical compensation owed by defendant pursuant to the 2005 Opinion and Award of the Full Commission which was subsequently affirmed by the Court of Appeals and any other appropriate matters as originally scheduled on December 15, 2009.
6. Defendant shall pay the costs.
This the __ day of September, 2011.
 S/_____________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________________________ LINDA CHEATHAM COMMISSIONER
 S/_____________________________ STACI T. MEYER COMMISSIONER *Page 1