ORANGE COUNTY EX REL. BYRD v. BYRD

[129 N.C. App. 818 (1998)]

ORANGE COUNTY, EX REL., JOANN LAWS BYRD, INDIVIDUALLY AND AS MOTHER AND NATURAL GUARDIAN OF JESSICA NICOLE BYRD, MINOR CHILD, PLAINTIFF V. CHARLES ALLEN BYRD, DEFENDANT

ORANGE COUNTY, EX REL., KIMBERLY JAN MOORE, INDIVIDUALLY AND AS MOTHER AND NATURAL GUARDIAN OF JEREMY ALLEN BYRD MINOR CHILD, PLAINTIFF V. CHARLES ALLEN BYRD, DEFENDANT

No. COA97-1366
No. COA97-1367

(Filed 16 June 1998)

1. **Divorce and Separation § 416 (NCI4th)— child support arrearages—stricken for time in jail—insufficient findings**

Defendant was not entitled to have his child support arrearages stricken for the time he was in jail on criminal charges due to his inability to post bond where there was no evidence to support the trial court's findings as to the dates of his incarceration and his ineligibility for work release. N.C.G.S. § 50-13.10(d)(4).

2. **Divorce and Separation § 426 (NCI4th)— compensation settlement—child support lien—apportionment not permitted**

The trial court does not have the authority to "apportion" the proceeds of a workers' compensation settlement on which there are liens for past due child support. Rather, the settlement is available for the entire lien for past due child support pursuant to N.C.G.S. § 58-3-185, subject only to the amount of attorney fees approved by the Industrial Commission for the employee's workers' compensation counsel pursuant to N.C.G.S. § 97-90.

Appeals by plaintiff Orange County from orders entered 6 August 1997 by Judge Joe Buckner in Orange County District Court. Heard in the Court of Appeals 19 May 1998.

*Coleman, Gledhill & Hargrave P.C., by Leigh Peek, for plaintiff appellant.*

*Sheridan & Steffan, P.C., by Kim K. Steffan, for defendant appellee.*

HORTON, Judge.

Defendant Charles Allen Byrd and JoAnn Laws Byrd have a minor child named Jessica. On 8 July 1993, defendant signed a Voluntary

Support Agreement (VSA) in case No. 93-CVD-1144, agreeing to pay support for Jessica. Defendant and Kimberly Jan Moore have a minor child named Jeremy. On 18 May 1995, defendant signed a VSA in case No. 95-CVD-584, agreeing to pay prospective support for Jeremy, and to repay past-paid public assistance in the amount of $8,500.00.

On 12 July 1994, defendant was injured in a compensable accident at work, and was paid temporary total disability benefits for a period of time. He returned to his former work on 5 January 1995. As a result of his injuries, defendant was again out of work from 12 April 1996 to 16 December 1996, during which time he received temporary total disability benefits. Defendant was released to return to work on 14 December 1996. On 16 December 1996, defendant was arrested on criminal charges and could not make bail. Defendant was in custody from 16 December 1996 through 20 February 1997. Defendant hired counsel for the criminal case and promised to pay his attorneys' fees of $2,915.00 upon settlement of his workers' compensation claim. Defendant has other pending criminal matters and expects to need $1,995.00 to pay for attorneys' fees, court costs and probation fees. Defendant had a 35% permanent disability to his foot as a result of his injury by accident, and reached a full and final settlement of his workers' compensation claim in the amount of $18,000.00.

On 19 March 1997, plaintiff Orange County Child Support Enforcement Office (CSE) sent two notices of liens on the proceeds of defendant's settlement to North Carolina Homebuilders, the insurance carrier in defendant's compensation case. The notice in No. 93-CVD-1144, Jessica's case, reflected that defendant had a past due balance of $5,108.13 for unpaid child support. The notice in No. 95-CVD-584, Jeremy's case, stated that defendant had a past due balance of $11,402.71 for unpaid child support.

On 19 March 1997, defendant filed a motion to reduce his child support obligation based on a decrease in his income as the result of his injury. On 8 April 1997, defendant filed a motion that the court "apportion" his workers' compensation proceeds. Both cases were heard on 5 May 1997, and similar orders were entered in both cases. Based on defendant's pleadings, affidavits, payment history, and reduced income, the trial court: reduced defendant's child support obligation; struck the arrears of child support which accrued between 16 December 1996 and 20 February 1997 when defendant was in custody; and determined that defendant's arrearages were $5,334.13 for No. 93-CVD-1144, and $11,104.71 for No. 95-CVD-584. The trial court

then apportioned defendant's $18,000.00 workers' compensation settlement between defendant's counsel in the workers' compensation case ($4,500.00), defendant's counsel in his criminal cases for fees and costs ($4,910.00), Orange County Clerk of Court to be applied to child support arrearages ($5,000.00), and to defendant personally ($3,590.00).

A resolution of plaintiff's appeals from the 5 May 1997 orders requires that we determine: (I) whether the trial court erred in striking defendant's child support arrearages for the period defendant was incarcerated and unable to make bail on criminal charges; and (II) whether the trial court had the authority to "apportion" the proceeds of defendant's workers' compensation settlement.

I.

[1] In each order, the trial court found as a fact that: defendant's workers' compensation payments continued through 16 December 1996 when defendant was arrested for criminal charges; defendant remained in jail from 16 December 1996 through 20 February 1997 due to his inability to post bond, and he was not eligible for work release during that period of time. Based on those findings of fact and pursuant to N.C. Gen. Stat. § 50-13.10(d)(4) (1995), the trial court concluded that defendant was entitled to have his child support arrearages stricken for the period he was in jail. The trial court then reduced the amount of defendant's arrearages in each case to reflect the stricken payments.

There is no evidence in the record on which the trial court could base its findings of fact. Defendant contends that paragraphs five and six of his verified motion provide support for the court's findings. While those paragraphs detail defendant's criminal woes and the financial costs of extricating him from them, they neither set out the dates of his incarceration nor his ineligibility for work release. We also note that defendant did not ask in either of his motions that any of his arrearages be stricken because of his incarceration. The trial court's findings of fact are not supported by competent evidence and, therefore, the order of the trial court must be reversed.

II.

[2] The issue of whether the trial court has the authority to "apportion" the proceeds of a workers' compensation settlement on which there are liens for past due child support is a question of first impression in this jurisdiction. As enacted by the 1995 General Assembly in

ORANGE COUNTY ex rel. BYRD v. BYRD

[129 N.C. App. 818 (1998)]

Section 6(a) of Chapter 538 of the 1995 Session Laws, N.C. Gen. Stat. § 44-49.1 read:

> In the event that the Department of Human Services or any other obligee, as defined in G.S. 110-129, provides written notification to an insurance company authorized to issue policies of insurance pursuant to this Chapter that a claimant or beneficiary under a contract of insurance owes past-due child support and accompanies this information with a certified copy of the court order ordering support together with proof that the claimant or beneficiary is past due in meeting this obligation, there is created a lien upon any insurance proceeds in favor of the Department or obligee. This section shall apply only in those instances in which there is a nonrecurring payment of a lump-sum amount equal to or in excess of three thousand dollars ($3,000) or periodic payments with an aggregate amount that equals or exceeds three thousand dollars ($3,000).

The new section was effective 1 July 1996. N.C. Gen. Stat. § 44-50 was rewritten by the same legislation to provide that the child support lien could "in no case, exclusive of attorneys' fees, exceed fifty percent (50%) of the amount of moneys recovered." Section 6(b) of Chapter 538, 1995 Session Laws.

In 1996, the General Assembly enacted Chapter 674 of the 1995 (Regular Session, 1996) Session Laws, also effective 1 July 1996. Section 1 of Chapter 674 recodified N.C. Gen. Stat. § 44-49.1 as N.C. Gen. Stat. § 58-3-185, the statute which is at issue in the case *sub judice*. Section 2 of Chapter 674 added a new section to N.C. Gen. Stat. § 58-3-185, which provides that child support liens are subordinate to liens upon insurance proceeds for personal injuries under Article 9 of Chapter 44 of the General Statutes, and to valid health care provider claims covered by health benefit plans. Significantly, Section 3 of Chapter 674 repealed Section 6(b) of Chapter 538 of the 1995 Session Laws, the section which would have limited a child support lien to fifty percent (50%) of the moneys recovered. Thus, N.C. Gen. Stat. § 58-3-185, as it read at all times relevant to this case, did not contain a percentage limitation on the amount of the recovery subject to the child support lien.

Further, the legislature intentionally removed any such percentage limitation on the recovery of child support as evidenced not only by its repeal of the legislation establishing a fifty percent (50%) limit

ORANGE COUNTY EX REL. BYRD v. BYRD

[129 N.C. App. 818 (1998)]

on a child support lien, but the legislative action in leaving the fifty percent (50%) limit intact as it relates to medical bills and expenses. Still further, the plain language of N.C. Gen. Stat. § 58-3-185(b) makes the child support subordinate only to "liens upon insurance proceeds for personal injuries arising under Article 9 of Chapter 44 of the General Statutes and valid health care provider claims . . . ."

While we have carefully considered defendant's arguments that such a construction is inequitable, and acknowledge the trial court's conscientious efforts to "apportion" the recovery equitably, the equity powers of neither the trial court nor this Court extend into areas which are expressly governed by statute.

The General Assembly was acting deliberately in furtherance of our strong public policy favoring the collection of child support arrearages. Where there is no contention that the actions of the legislature violate constitutional safeguards, we are not free to either ignore or amend legislative enactments because when the language of a statute is clear and unambiguous, the courts must give it its plain meaning. *Utilities Commission v. Edmisten, Attorney General,* 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977).

We hold, therefore, that plaintiff has a valid lien for past due child support pursuant to the provisions of N.C. Gen. Stat. § 58-3-185 on defendant's $18,000.00 settlement, subject only to the amount of attorneys' fees approved by the Industrial Commission for defendant's workers' compensation counsel pursuant to the provisions of N.C. Gen. Stat. § 97-90 (Cum. Supp. 1997). Because the trial court had no authority to equitably apportion the settlement and because the trial court erred in striking a portion of defendant's child support arrearages, its order must be

Reversed.

Chief Judge EAGLES and Judge WALKER concur.