TRIANGLE PARK CHIROPRACTIC v. BATTAGLIA

[139 N.C. App. 201 (2000)]

━━━━━━━━

TRIANGLE PARK CHIROPRACTIC, PLAINTIFF v. FRED BATTAGLIA, JR., DEFENDANT

No. COA99-1019

(Filed 18 July 2000)

**Damages and Remedies— chiropractor bills—action against patient and attorney—medical provider liens—election of remedies**

The trial court erred by concluding that the doctrine of election of remedies barred plaintiff's recovery from defendant-attorney where plaintiff provided chiropratic care to Williams and McAllister following an automobile accident, defendant-attorney settled the claims arising from the accident but disbursed the pro-

ceeds without paying or withholding any amount to pay plaintiff under instructions from Williams and McAllister, plaintiff filed suit against Williams and McAllister and obtained default judgments but collected nothing, and plaintiff then filed this action to enforce medical provider liens pursuant to N.C.G.S. § 44-50. Actions by plaintiff against either its patients or their attorney are not inconsistent and do not seek any additional or alternative forms of relief; there is no threat of double recovery.

Appeal by plaintiff from judgment entered 29 January 1999 and filed 3 February 1999 and order entered 24 May 1999 and filed 26 May 1999 by Judge Charles T. L. Anderson in Durham County District Court. Heard in the Court of Appeals 18 May 2000.

*Gregory Alan Heafner for plaintiff-appellant.*

*Bryant, Patterson, Covington & Idol, P.A., by Lee A. Patterson, II, for defendant-appellee.*

WALKER, Judge.

Plaintiff provided chiropractic care to Angela Williams and Tony McAllister as a result of personal injuries suffered in an automobile accident on 4 August 1995. Defendant, an attorney, represented Williams and McAllister in their respective personal injury claims arising out of the accident. Defendant requested from plaintiff copies of Williams' and McAllister's medical records and bills for its services, which totaled $2,229.99 and $2,937.00, respectively.

Defendant settled Williams' and McAllister's claims for $6,000.00 and $10,000.00, respectively. Williams and McAllister were dissatisfied with plaintiff's services and each instructed defendant that no portion of the settlement proceeds was to be disbursed to plaintiff. Defendant disbursed these settlement proceeds to Williams and McAllister without paying or withholding any amount to pay plaintiff's bills for services.

On 1 November 1996, plaintiff filed suit against Williams and McAllister and obtained default judgments in the amount of $2,229.00 and $2,937.00, respectively, but plaintiff collected nothing on the judgments. On 3 January 1997, plaintiff filed this action against defendant seeking to enforce two medical provider liens pursuant to N.C. Gen. Stat. § 44-50. Plaintiff alleged that defendant failed to honor its liens when defendant disbursed the two settlement proceeds.

## TRIANGLE PARK CHIROPRACTIC v. BATTAGLIA

[139 N.C. App. 201 (2000)]

In its order and judgment filed 3 February 1999, the trial court found that the McAllister lien was invalid, based upon N.C. Gen. Stat. §§ 44-49 and -50, and found that the Williams lien was valid but denied recovery, based upon the doctrine of election of remedies. The trial court concluded that:

Plaintiff in prosecuting the Magistrate's action against Williams, individually, resulting in a judgment in favor of the Plaintiff, in the full amount of his billings, which judgment was rendered by the Magistrate Division of the District Court of Durham County on or about December 4, 1996, constituted an election of remedies by Plaintiff and that pursuant to the doctrine of election of remedies, Plaintiff cannot prosecute this claim against Defendant, and that Plaintiff's claim as to Williams is thus barred by Plaintiff's election of remedies as herein set out.

On 26 May 1999, pursuant to plaintiff's motion for amendment of judgment, the trial court found that the McAllister lien was valid, but again denied recovery to plaintiff based upon the doctrine of election of remedies. The trial court's order concluded in part:

that the Plaintiff's claim to enforce the above referenced [McAllister] lien is however barred by the doctrine of election of remedies for the same reasons as such doctrine is applied to Plaintiff's claim to enforce the lien arising from Plaintiff's treatment of Angela Williams as same is set forth in the January 29, 1999 Order and Judgment of this Court in this action.

Additionally, the trial court's order stated that:

the parties have consented to and agreed that the sole and only issue which either party may raise on appeal from the rulings of this Court is the applicability of the doctrine of election of remedies as same has been applied by this Court in this action.

Plaintiff argues the trial court erred in concluding that its action was barred by the election of remedies doctrine. Specifically, plaintiff contends there is nothing inconsistent in its action against Williams and McAllister resulting in default judgments and now bringing suit against defendant for failure to honor its liens.

A plaintiff is deemed to have made an election of remedies, and therefore estopped from suing a second defendant, only if he has sought and obtained final judgment against a first defendant and the remedy granted in the first judgment is repugnant or inconsistent

with the remedy sought in the second action. *See McCabe v. Dawkins*, 97 N.C. App. 447, 448, 388 S.E.2d 571, 572 (1990). The purpose of the doctrine of election of remedies is to prevent more than one redress for a single wrong. *Id.* One is held to have made an election of remedies when one chooses with knowledge of the facts between two inconsistent remedial rights. *See Lamb v. Lamb*, 92 N.C. App. 680, 685, 375 S.E.2d 685, 687 (1989). The doctrine does not apply to "co-existing and consistent remedies." *See Richardson v. Richardson*, 261 N.C. 521, 530, 135 S.E.2d 532, 539 (1964). Although Rule 20 of the North Carolina Rules of Civil Procedure permits a plaintiff to join defendants in one action if there is a right to relief arising out of the "same transaction, occurrence, or series of transactions or occurrences," it does not require joinder. *See Swain v. Leahy*, 111 N.C. App. 884, 886, 433 S.E.2d 460, 462, *disc. review denied*, 335 N.C. 242, 439 S.E.2d 162 (1993); N.C. Gen. Stat. § 1A-1, Rule 20(a) (1999). A plaintiff does not pursue inconsistent claims by proceeding with separate actions. *Id.*

In *Nye v. Lipton*, 50 N.C. App. 224, 225, 273 S.E.2d 313, 314, (1980), *disc. review denied*, 302 N.C. 630, 280 S.E.2d 441 (1981), plaintiff Nye loaned defendant Roberts $33,000.00. Defendant Lipton was Roberts' attorney and handled Roberts' finances. *Id.* Plaintiff alleged that both Roberts and Lipton represented to him that the loan was to be paid off from the sale of a note owned by Roberts. *Id.* Additionally, plaintiff alleged that Roberts gave written instructions to Lipton to pay the plaintiff the amount of the loan plus interest; however, plaintiff was never paid. *Id.* Plaintiff filed suit against the estates of Roberts and Lipton for recovery of the money owed by Roberts. *Id.* Roberts did not contest the allegations and summary judgment was entered against him. *Id.* Plaintiff was also granted summary judgment against Lipton's estate, which appealed and argued that summary judgment was improper because plaintiff elected his remedy by obtaining a judgment against Roberts. *Id.* at 229, 273 S.E.2d at 316.

This Court held:

plaintiff is pursuing separate claims growing out of the same transaction. His claim against [the borrower] is based on the theory that he has made a loan to [the borrower] which has not been paid. His claim against the appellant is on the theory that [appellant] as attorney-in-fact for [the borrower] was under instructions from [the borrower] to pay the debt to plaintiff, and [appellant] failed to pay the debt after receiving funds to do so. These two

claims are consistent and plaintiff may pursue both of them. The payment of either claim will extinguish both.

*Nye*, 50 N.C. App. at 229, 273 S.E.2d at 316.

Here, plaintiff's action against McAllister and Williams was based on the theory that amounts owed for services had not been paid. Plaintiff's present action against defendant is based on the theory that defendant violated N.C. Gen. Stat. § 44-50 by failing to honor valid medical provider liens. *See N.C. Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 532, 374 S.E.2d 844, 846 (1988) (agreeing with defendant's argument that "N.C.G.S. § 44-50 provides the only mechanism by which to obtain funds from an attorney who has received them for a client in satisfaction of a personal injury claim").

Williams and McAllister are liable to plaintiff for having received services for which they have not paid. Defendant is liable to plaintiff pursuant to N.C. Gen. Stat. § 44-50. Actions by plaintiff against either its patients or their attorney are not inconsistent and do not seek any additional or alternative forms of relief. There is no threat of double recovery as the defendants in each action can claim contribution for payments made by the other, both in defense of the suit and in defense of any proceedings to collect a judgment.

Accordingly, the trial court erred in concluding that the doctrine of election of remedies barred plaintiff's recovery from defendant.

Reversed.

Judges TIMMONS-GOODSON and SMITH concur.