IN RE ESTATE OF MOORE

[160 N.C. App. 85 (2003)]

———

IN THE MATTER OF: THE ESTATE OF ROBERT L. MOORE, JR., INCOMPETENT

No. COA02-1248

(Filed 19 August 2003)

**Guardian and Ward— commissions—proceeds actually applied in payment of debts or legacies**

The trial court erred in a case concerning an award of commissions to decedent's guardian and the case is remanded for computation of the guardian's commissions consistent with this opinion because the clerk awarded the guardian a commission of five percent of the full amount of the proceeds received from the sales of three tracts of land, and the commission should have been limited to the amount used to pay administrative costs and decedent's debts as provided under N.C.G.S. § 28A-23-3(B).

Appeal by Executor of the Estate of Robert L. Moore, Jr. from judgment entered 7 June 2002 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 4 June 2003.

*Law Office of Michael W. Patrick, by Michael W. Patrick, for executor-appellant.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Jennifer D. Maldonado, for respondent-appellee.*

IN RE ESTATE OF MOORE

[160 N.C. App. 85 (2003)]

HUDSON, Judge.

Benjamin S. Moore ("executor"), executor of the estate of Robert L. Moore, Jr., deceased ("decedent"), appeals an award of commissions to Decedent's guardian. Executor argues (1) that the order violates the statute governing commissions for guardians; and (2) even if the order did not violate the governing statutes, the court should not have allowed the entire commission in the year of sale. We agree that the order is contrary to the statute and reverse.

## BACKGROUND

Mr. Robert L. Moore, Jr. accumulated substantial real estate holdings during his lifetime. In his later years, he suffered from Alzheimer's disease and required extensive, long-term medical care. During Decedent's illness, his wife sold or otherwise transferred all of his real estate holdings, by power of attorney, for her own benefit or for the benefit of Decedent's oldest son, Robert L. Moore III. Mrs. Moore died in 1996, having appointed her son as executor of her estate.

In early 1997, Decedent's daughter asked the clerk of superior court to appoint an interim guardian for Decedent. Robert Monroe ("guardian") was appointed interim, and then permanent, guardian of Decedent's estate. Soon after his appointment, the guardian filed a lawsuit against Mrs. Moore's estate and against Decedent's son. Under the terms of the settlement of the lawsuit, Mrs. Moore's estate and trust transferred several parcels of real estate back to Decedent. Also as part of the settlement, the guardian received a fund of $272,000 to be used only to pay for Decedent's medical care and that was projected to cover the cost of the care for two years. In addition, the guardian received an unrestricted fund containing another $262,800 that could be used for any purpose, including the payment of attorney's fees.

On 17 August 1998, the guardian petitioned the clerk of superior court to sell three tracts of real estate to pay the legal fees associated with the litigation and to cover the increasing costs of Decedent's care. The clerk approved the petitions on the grounds that they were "necessary to create assets to pay the costs of administration and debts necessarily incurred in maintaining the said ward." The guardian sold the real estate, thereby garnering more than three million dollars for Decedent's estate.

After the real estate sales, the clerk approved commissions of five percent of the full amount of the proceeds received by the sales. Specifically, "[t]he commissions were not limited to the amount of the proceeds used to pay debts of the ward or the costs of administration of the Estate."

Mr. Moore died on 1 October 2000. The following month, Benjamin S. Moore was appointed to be Decedent's executor and personal representative. Executor filed a Motion to Vacate Orders Fixing Commissions & To Set a Reasonable Commission and a Motion to Reopen the Guardianship for the purpose of determining whether the approved commissions were valid as a matter of law. The clerk denied both motions, and Executor appealed to the superior court. The superior court entered a judgment affirming the clerk's order, and Executor appeals.

## ANALYSIS

"The Clerk of Superior Court has original jurisdiction over matters involving the management by a guardian of her ward's estate." *Caddell v. Johnson*, 140 N.C. App. 767, 769, 538 S.E.2d 626, 627-28 (2000). An appeal to the superior court from an order of the clerk " 'present[s] for review only errors of law committed by the clerk.' " *In re Flowers*, 140 N.C. App. 225, 227, 536 S.E.2d 324, 325 (2000) (quoting *In re Simmons*, 266 N.C. 702, 707, 147 S.E.2d 231, 234 (1966)). The reviewing judge conducts a hearing "on the record rather than *de novo*," with the objective of correcting any error of law. *Id.* In guardianship matters, this Court's standard of review is the same as the superior court's. *Caddell*, 140 N.C. App. at 769, 538 S.E.2d at 628.

Executor contends that the clerk erred by awarding the guardian a commission of five percent of the full amount of the proceeds received from the sales of the three tracts of land. Executor argues that the commission should have been limited to the amount used to pay administrative costs and Decedent's debts. We agree and conclude that the clerk and the court erred as a matter of law.

We find no common law in our jurisdiction that directly addresses this issue. However, we conclude that the statute governing the payment of commissions to guardians does. G.S. § 35A-1269 provides that "[t]he clerk shall allow commissions to the guardian for his time and trouble in the management of the ward's estate, in the same manner and under the same rules and restrictions as allowances are made to

executors, administrators and collectors under the provisions of G.S. 28A-23-3 and G.S. 28A-23-4." Section 28A-23-3, in turn, governs commissions allowed to personal representatives and provides that "[w]here real property is sold to pay debts or legacies, the commission shall be computed only on the proceeds actually applied in the payment of debts or legacies." N.C. Gen. Stat. § 28A-23-3(b) (emphasis added).

Here, the guardian's petitions to sell Decedent's real estate were premised on the guardian's need to pay the debts and administrative costs of Decedent's estate. Similarly, the clerk's orders that allowed the sale of the real estate were granted for the purpose of paying the debts and administrative costs of the estate. Because the real estate was sold to pay the debts of Decedent, we conclude that the statutory limitation of § 28A-23-3(b) applied. Therefore, the clerk erred by computing the guardian's commission on the full proceeds of the real estate sale rather than limiting his computation to those proceeds actually applied to Decedent's debts.

Respondent Robert E. Monroe argues that, as a policy matter, the commissions allowed to guardians should be treated differently than those allowed to other personal representatives such as executors. If a statute is clear and unambiguous, and no constitutional challenge is made, we are bound to apply the plain language of the statute. *Orange County ex rel. Byrd v. Byrd*, 129 N.C. App. 818, 822, 501 S.E.2d 109, 112 (1998). We find no ambiguity in the statutes governing commissions for guardians and personal representatives and thus apply the statute as written. Respondent's policy argument is more appropriately addressed to the General Assembly.

## CONCLUSION

For the reasons discussed above, we reverse the superior court and remand for computation of the guardian's commissions consistent with this opinion.

Reversed and Remanded.

Judges TIMMONS-GOODSON and STEELMAN concur.