STATE HEALTH PLAN FOR TEACHERS & STATE EMPS. v. BARNETT

[227 N.C. App. 114 (2013)]

STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, PLAINTIFF

v.

JENNIFER BARNETT AND EUGENE W. ELLISON, DEFENDANTS

No. COA12-999

Filed 7 May 2013

1. **Liens—State Health Plan—settlement from auto accident**

    The trial court erred by granting plaintiff's motion for summary judgment in a case arising from an automobile accident where there was a settlement and plaintiff sought a lien on the proceeds. The plain language of N.C.G.S. § 135-45.15 places a duty upon an injured party's attorney to direct settlement funds recovered by an injured State Health Plan member to plaintiff in satisfaction of its statutory lien. An attorney cannot ignore a valid State Health Plan lien when disbursing settlement funds, regardless of his client's wishes.

2. **Appeal and Error—preservation of issues—argument not raised below—not supported by evidence**

    The trial court did not err by granting summary judgment to plaintiff in an action arising from an automobile accident and a lien on settlement proceeds sought by plaintiff where defendant Ellison argued the possibility that plaintiff failed to mitigate its damages by filing a proof of claim against defendant Barnett in her bankruptcy case. The record did not reflect that Ellison raised this issue before the trial court, and, even assuming that the issue was preserved, there was no evidence in the record which established whether or not plaintiff filed a claim in Barnett's bankruptcy proceeding.

    Appeal by defendant Eugene W. Ellison from order entered 15 May 2012 by Judge Laura J. Bridges in McDowell County Superior Court. Heard in the Court of Appeals 9 January 2013.

    *Attorney General Roy Cooper, by Special Deputy Attorney General Heather H. Freeman, for plaintiff-appellee.*

    *Constangy, Brooks & Smith, LLP, by Michelle Rippon, for defendant-appellant Eugene W. Ellison.*

    CALABRIA, Judge.

Eugene W. Ellison ("Ellison") appeals the trial court's order granting summary judgment in favor of The State Health Plan for Teachers and State Employees ("State Health Plan" or "plaintiff"). We affirm.

## I. Background

On 3 September 2007, Jennifer Barnett ("Barnett") sustained injuries in an automobile accident caused by a third party. Plaintiff provided Barnett, a State Health Plan member, with $73,075.43 in benefits for the treatment of her injuries. Ellison, an attorney, represented Barnett and three other individuals who were also riding in the vehicle with Barnett in their personal injury claims against the third-party driver. On 24 October 2007, the claims of all four of Ellison's clients were collectively settled for $100,000.00. Barnett received $70,000.00 in the settlement, minus $14,000.00 in attorney's fees, $9,386.50 in medical expenses, and $222.98 in rental car expenses. Thus, Ellison ultimately disbursed $43,390.52 to Barnett. Upon receipt of those funds, Barnett executed a "Summary of Disbursements" which purported to "releas[e] the Law Office of Eugene W. Ellison from any further obligation as to the medical bills or liens from any insurance providers." Ellison informed Barnett that plaintiff had a lien on her settlement funds, but she directed him not to disburse any proceeds to it.

Plaintiff sent Ellison and Barnett multiple letters requesting satisfaction of the amount owed to plaintiff pursuant to plaintiff's right of subrogation under N.C. Gen. Stat. § 135-45.15. However, neither party disbursed any settlement proceeds to plaintiff.

On 30 August 2010, plaintiff initiated an action against Barnett and Ellison in McDowell County Superior Court seeking to recover $28,000.00[1] in satisfaction of its lien. Plaintiff filed a motion for summary judgment on 20 October 2011. On 2 April 2012, Barnett filed a voluntary petition for Chapter 13 bankruptcy and the proceedings against her were automatically stayed. On 15 May 2012, the trial court granted plaintiff's summary judgment motion and ordered Ellison to reimburse plaintiff in the amount of $28,000.00. Ellison appeals.

## II. Summary Judgment

[1] Ellison argues that the trial court erred by granting plaintiff's motion for summary judgment. Specifically, he contends that N.C. Gen. Stat. § 135-45.15 does not authorize the recovery of settlement proceeds

---

1. This amount represented 50% of Barnett's total recovery after the payment of attorney's fees.

directly from an attorney who represents a State Health Plan member in a personal injury action. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)(quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). N.C. Gen. Stat. § 135-45.15 provides that

> (a) The [State Health] Plan shall have the right of subrogation upon all of the Plan member's right to recover from a liable third party for payment made under the Plan, for all medical expenses, including provider, hospital, surgical, or prescription drug expenses, to the extent those payments are related to an injury caused by a liable third party. The Plan member shall do nothing to prejudice these rights. The Plan has the right to first recovery on any amounts so recovered, whether by the Plan or the Plan member, and whether recovered by litigation, arbitration, mediation, settlement, or otherwise.
>
> . . .
>
> (d) In no event shall the Plan's lien exceed fifty percent (50%) of the total damages recovered by the Plan member, exclusive of the Plan member's reasonable costs of collection as determined by the Plan in the Plan's sole discretion. ... Notice of the Plan's lien or right to recovery shall be presumed when a Plan member is represented by an attorney, and the attorney shall disburse proceeds pursuant to this section.

N.C. Gen. Stat. § 135-45.15 (2009).[2] Thus, under this statute, the State Health Plan is authorized to recover up to one-half of the total damages, less attorney's fees, recovered by a Plan member from a third party. Moreover, the statute explicitly requires an attorney representing a Plan member to "disburse proceeds pursuant to this section." *Id.* The question before this Court is whether Ellison's failure to do so in the instant case made him liable for satisfying plaintiff's lien against Barnett under the statute.

---

2. This statute has been recodified as N.C. Gen. Stat. § 135-48.37 as of 1 January 2012. *See* 2011 N.C. Sess. Law 85.

"Issues of statutory construction are questions of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Our appellate courts have not previously interpreted N.C. Gen. Stat. § 135-45.15. However, there are several cases which have interpreted an analogous statute, N.C. Gen. Stat. § 44-50.

N.C. Gen. Stat. § 44-50 requires any person who receives settlement funds, including an attorney, to "retain out of any recovery or any compensation . . . received . . . a sufficient amount to pay the just and bona fide claims for any drugs, medical supplies, ambulance services, services rendered by any physician, dentist, nurse, or hospital, or hospital attention or services, after having received notice of those claims." N.C. Gen. Stat. § 44-50 (2011). Thus, this statute places an affirmative duty on an attorney for an injured party to retain the full amount of a medical provider's lien before disbursing settlement proceeds. Our Supreme Court has acknowledged that an attorney who violates this duty is subject to legal liability for the amount of the lien under the statute. *See N.C. Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 532, 374 S.E.2d 844, 846 (1988)(agreeing with the defendant's argument that "N.C.G.S. § 44-50 provides the only mechanism by which to obtain funds from an attorney who has received them for a client in satisfaction of a personal injury claim."); *see also Triangle Park Chiropractic v. Battaglia*, 139 N.C. App. 201, 205, 532 S.E.2d 833, 836 (2000)(permitting medical provider to seek enforcement of its lien against an injured party's attorney using N.C. Gen. Stat. § 44-50 where the attorney was on notice of the lien but chose to pay the entire settlement amount directly to his client.).

The plain language of N.C. Gen. Stat. § 135-45.15 similarly places a duty upon an injured party's attorney to direct settlement funds recovered by an injured State Health Plan member to plaintiff in satisfaction of its statutory lien. By establishing this duty, the statute necessarily also creates a cause of action by which the State Health Plan may enforce its lien under the statute against an attorney who violates its requirements by failing to disburse his client's settlement proceeds in accordance with the statute. *See Mitchell*, 323 N.C. at 532, 374 S.E.2d at 846. Since it is undisputed that Ellison failed to comply with the requirements of N.C. Gen. Stat. § 135-45.15 in the instant case, the trial court properly concluded that he was liable for the amount of plaintiff's lien.

Ellison additionally claims that his failure to comply with the requirements of N.C. Gen. Stat. § 135-45.15 should be excused because he only violated the statute based upon Barnett's instructions. However, he cites no authority for the proposition that an attorney may violate a statutory duty based upon his client's instructions. Instead, he cites North

Carolina State Bar Ethics Opinion RPC 69, which states that "[a] lawyer is generally obliged . . . to disburse settlement proceeds in accordance with his client's instructions. The only exception to this rule arises when the medical provider has managed to perfect a valid physician's lien." North Carolina State Bar RPC 69 (October 20, 1989). This opinion by the State Bar does not excuse Ellison's failure to disburse any of Barnett's settlement funds to plaintiff. Instead, the opinion clearly acknowledges that, regardless of a client's instructions, an attorney cannot ignore a valid statutory lien, a physician's lien under N.C. Gen. Stat. § 44-50. An attorney likewise cannot ignore a valid State Health Plan lien under N.C. Gen. Stat. § 135-45.15 when disbursing settlement funds, regardless of his client's wishes. Accordingly, it is immaterial to the determination of Ellison's liability that Barnett may have directed him to disburse all of her settlement funds directly to her. Ultimately, the trial court correctly concluded that Ellison was liable for his failure to disburse settlement funds to plaintiff pursuant to N.C. Gen. Stat. § 135-45.15, and thus properly granted summary judgment to plaintiff. This argument is overruled.

### III. Mitigation of Damages

[2] Ellison also argues that the trial court erred by granting summary judgment to plaintiff because of the possibility that plaintiff failed to mitigate its damages by filing a proof of claim against Barnett in her bankruptcy case. We disagree.

The record does not reflect that Ellison raised this issue before the trial court and therefore this argument is not preserved for appeal. *See Westminister Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001)("[I]ssues and theories of a case not raised below will not be considered on appeal."). Moreover, even assuming, *arguendo*, that Ellison did preserve this issue, there is no evidence in the record which establishes whether or not plaintiff filed a claim in Barnett's bankruptcy proceeding. Ellison's mere speculation that plaintiff may not have filed such a bankruptcy claim is insufficient to create a genuine issue of material fact precluding summary judgment. *See Johnson v. Scott*, 137 N.C. App. 534, 537, 528 S.E.2d 402, 404 (2000) ("[O]nce the moving party presents an adequately supported [summary judgment] motion, the opposing party must come forward with specific facts (not mere allegations or speculation) that controvert the facts set forth in the movant's evidentiary forecast."). This argument is overruled.

### IV. Conclusion

Pursuant to N.C. Gen. Stat. § 135-45.15 (now N.C. Gen. Stat. § 135-48.37), the State Health Plan has the right to first recovery of up to 50%

of any amounts recovered by a Plan member for injuries which were inflicted by a third party and for which the State Health Plan provided treatment benefits. The statute places an affirmative duty on the attorney representing the State Health Plan member to use any settlement proceeds to first satisfy the State Health Plan's lien, and failure to comply with the statute subjects the attorney to liability for the amount of the lien. Since Ellison's failure to comply with N.C. Gen. Stat. § 135-45.15 is undisputed in the instant case, the trial court properly granted summary judgment to plaintiff. The trial court's order is affirmed.

Affirmed.

Judges ELMORE and GEER concur.