IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-233

Filed: 17 November 2020

Guilford County, No. 17 CVS 4557

NYAMEDZE QUAICOE, by and through his Guardian *ad Litem*, SALLY A. LAWING, FAFANYO ASISEH and OBED QUAICOE, Plaintiffs

v.

THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION d/b/a MOSES CONE HEALTH SYSTEM, d/b/a WOMEN'S HOSPITAL; JODY BOVARD STUCKERT M.D., PIEDMONT HEALTHCARE FOR WOMEN, P.A., d/b/a GREENSBORO OB/GYN ASSOCIATES, Defendants

Appeal by Plaintiffs from an Order entered 27 September 2019 by Judge David L. Hall in Guilford County Superior Court. Heard in the Court of Appeals 8 September 2020.

*The Law Offices of Wade Byrd, P.A., by Wade E. Byrd, and Nichols Zauzig Sandler, PC, by Charles J. Zauzig, III, and Melissa G. Ray, pro hac vice, attorneys for plaintiffs-appellants.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Tamara Mary Van Pala, for State Health Plan.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Nyamedze Quaicoe (Minor Plaintiff), by and through his Guardian *ad Litem*, Sally A. Lawing, and his parents, Fafanyo Asiseh and Obed Quaicoe, (collectively, Plaintiffs) appeal from an Order entered 27 September 2019 denying Plaintiffs'

Motion[1] requesting the trial court reduce a North Carolina State Health Plan (SHP) lien on monetary proceeds from a minor settlement. The Record before us shows the following:

In April 2017, Plaintiffs filed a Complaint alleging medical malpractice against the Moses H. Cone Memorial Hospital Operating Corporation d/b/a Moses Cone Health System d/b/a Women's Hospital, Jody Bovard Stuckert M.D., Piedmont Healthcare for Women, P.A. d/b/a Greensboro OB/GYN Associates (collectively, Defendants) for serious and permanent injuries Minor Plaintiff sustained during birth. At the time of the incident giving rise to Plaintiffs' medical malpractice claim, Plaintiffs had health insurance coverage through the SHP along with Medicaid. The medical malpractice action was later settled by consent of both parties, approved by the trial court, and placed under seal on 20 May 2019. A trust was created for the disbursement of settlement proceeds for the Minor Plaintiff.

During the course of settlement negotiations, on 25 March 2019, Plaintiffs filed their Motion seeking to have the trial court reduce the monetary amount of liens imposed on the settlement by both SHP and Medicaid. Plaintiffs subsequently secured a voluntary reduction in the Medicaid lien. SHP, however, objected to any reduction of its lien against the settlement proceeds and moved to dismiss Plaintiffs' Motion for lack of subject-matter jurisdiction and for failing to state a claim for which

---

[1] Plaintiffs' Motion is captioned "Motion to Reduce Medicaid Lien"; however, Plaintiffs' Motion requested the trial court reduce both the Medicaid lien and the SHP lien.

relief can be granted under Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. SHP also filed a Notice of Limited Appearance with the trial court, explaining its status as a nonparty but asserting it would appear to argue its Motion to Dismiss.[2]

On 27 September 2019, the trial court entered a written Order denying Plaintiffs' Motion to Reduce State Health Plan Lien (Order). In denying Plaintiffs' Motion, the trial court emphasized "there is no case law or statutory authority for an equitable reduction or waiver of the Plan's lien under N.C. [Gen. Stat.] §135-48.37." Accordingly, the trial court concluded: "This court lacks jurisdiction to reduce or modify the Plan's lien and denies Plaintiffs' Motion. Plaintiffs have failed to state a claim upon which relief may be granted." Plaintiffs filed Notice of Appeal on 22 October 2019.

## Issue

The sole issue before this Court on appeal is whether the trial court erred in denying Plaintiffs' Motion for lack of subject-matter jurisdiction.

## Analysis

### I. Subject-Matter Jurisdiction

---

[2] The State Health Plan initially moved to intervene in Plaintiffs' case; however, its Motion to Intervene was subsequently withdrawn.

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[ ]" and "is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). "A court's lack of subject matter jurisdiction is not waivable and can be raised at any time, including on appeal." *Banks v. Hunter*, 251 N.C. App. 528, 531, 796 S.E.2d 361, 365 (2017) (citations omitted). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

The North Carolina State Health Plan is codified at N.C. Gen. Stat. §§ 135-48.1 *et seq.*, and was created by the General Assembly "exclusively for the benefit of eligible employees, eligible retired employees, and certain of their eligible dependents, which will pay benefits in accordance with the terms of this Article." N.C. Gen. Stat. § 135-48.2(a) (2019). The General Assembly delegated administration and operation of the SHP to the State Treasurer, *id.* § 135-48.30, and broadly directed "[t]he Plan shall administer one or more group health plans that are comprehensive in coverage." *Id.* § 135-48.2(a).

Section 135-48.37, titled "Liability of third person; right of subrogation; right of first recovery," provides:

> The Plan shall have the right of subrogation upon all of the Plan member's right to recover from a liable third party for payment made under the Plan, for all medical expenses, including provider, hospital, surgical, or prescription drug expenses, to the

extent those payments are related to an injury caused by a liable third party. The Plan member shall do nothing to prejudice these rights. The Plan has the right to first recovery on any amounts so recovered, whether by the Plan or the Plan member, and whether recovered by litigation, arbitration, mediation, settlement, or otherwise. Notwithstanding any other provision of law to the contrary, the recovery limitation set forth in G.S. 28A-18-2 shall not apply to the Plan's right of subrogation of Plan members.

N.C. Gen. Stat. § 135-48.37(a). Subsection (d) limits, "[i]n no event shall the Plan's lien exceed fifty percent (50%) of the total damages recovered by the Plan member, exclusive of the Plan member's reasonable costs of collection as determined by the Plan in the Plan's sole discretion." *Id.* § 135-48.37(d). A separate section—Section 135-48.24—describes the administrative review process for claims brought under the SHP. *Id.* § 135-48.24.

In part, Plaintiffs requested the trial court "hold a hearing pursuant to N.C. [Gen. Stat.] § 108A-57 and determine the appropriate amount of the lien." In denying Plaintiffs' Motion, the trial court correctly noted Section 108A-57 addresses Medicaid liens and only provides recourse for the trial court to reconsider the amount of a Medicaid lien, *see* N.C. Gen. Stat. § 108A-57(a2) (2019), and, instead, Section 135-48.37 governs liens imposed under the SHP. N.C. Gen. Stat. § 135-48.37. SHP moved the trial court to dismiss Plaintiffs' Motion under N.C.R. Civ. Pro. 12(b)(1) for lack of subject-matter jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2019). On appeal,

Plaintiffs contend the trial court had jurisdiction over Plaintiffs' Motion based on the court's general role in protecting the rights of minors and its inherent judicial power.

The State Health Plan, however, is a creature of statute, created by the General Assembly and administered by the State Treasurer pursuant to Sections 135-48.1 *et seq.* In enacting Section 135-48.37, the General Assembly expressly provided "[t]he Plan has the right to first recovery on any amounts so recovered, whether by the Plan or the Plan member, and whether recovered by . . . settlement[.]" N.C. Gen. Stat. § 135-48.37(a). The SHP is not always entitled to recover a lien in full; the General Assembly limited liens imposed by the SHP under Section 135-48.37 so as not to exceed "fifty percent (50%) of the total damages recovered by the Plan member . . . ." *Id.* § 135-48.37(d); *see State Health Plan for Teachers & State Emps. v. Barnett*, 227 N.C. App. 114, 116, 744 S.E.2d 473, 474 (2013) ("[T]he State Health Plan is authorized to recover up to one-half of the total damages, less attorney's fees, recovered by a Plan member from a third party.").

"Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris*, 84 N.C. App. at 667, 353 S.E.2d at 675. Here, Plaintiffs have not pointed to any constitutional provision or general statute conferring jurisdiction on the courts of this State to reduce the monetary amount of SHP liens imposed upon a settlement pursuant to N.C. Gen. Stat. § 135-48.37. Instead, Plaintiffs cite a string of cases from our Supreme Court and argue this Court

has equitable jurisdiction because of North Carolina courts' strong interest in protecting the rights of minors. However, this Court has clarified: "the equity powers of neither the trial court nor this Court extend into areas which are expressly governed by statute." *Orange County ex rel. Byrd v. Byrd*, 129 N.C. App. 818, 822, 501 S.E.2d 109, 112 (1998); *c.f. Dare Cnty. v. N.C. Dep't of Ins.*, 207 N.C. App. 600, 611, 701 S.E.2d 368, 376 (2010) ("[T]he extent to which the trial court had subject matter jurisdiction over Petitioners' request for judicial review of the consent order depends upon whether the General Assembly has enacted any statutory provisions authorizing Petitioners to seek and obtain judicial review of the consent order.").

Here, there is no dispute SHP's lien is expressly governed by Section 135-48.37. What Plaintiffs sought from the trial court, and what it now asks of this Court, is to reduce the amount of the SHP lien based on principles of equity. However, Section 135-48.37 does not confer jurisdiction to review the amount of the SHP lien. Although we are sensitive to the facts underlying this case, we are constrained by the language of Section 135-48.37. *Orange County ex rel. Byrd*¸ 129 N.C. App. at 822, 501 S.E.2d at 112 ("[W]e are not free to either ignore or amend legislative enactments because when the language of a statute is clear and unambiguous, the courts must give it its plain meaning." (citing *State ex rel. Utilities Commission v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977))). Plaintiffs' proper recourse is with the General Assembly as "the judiciary should avoid ingrafting upon a law something that has

been omitted which it believes ought to have been embraced." *Shaw v. U.S. Airways, Inc.*, 362 N.C. 457, 463, 665 S.E.2d 449, 453 (2008) (alterations, citations, and quotation marks omitted). Therefore, we conclude the trial court was correct in determining it lacked subject-matter jurisdiction over Plaintiffs' Motion.

Plaintiffs also argue the trial court misapplied North Carolina's Administrative Procedure Act and erred in concluding Plaintiffs failed to state a claim upon which relief may be granted under N.C.R. Civ. P. 12(b)(6), which determination Plaintiffs contend should be reviewed for abuse of discretion arguing it was based on a misapprehension of the law. However, because we conclude the trial court was correct in determining it did not have subject-matter jurisdiction over Plaintiffs' Motion, we do not reach Plaintiffs' subsequent arguments.

## Conclusion

Accordingly, for the foregoing reasons, the trial court's Order is affirmed.

AFFIRMED.

Chief Judge McGEE and Judge DIETZ concur.